UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TERRY WAYNE JOHNSON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:14 CV 281 |
| | ) |
| CITY OF HAMMOND, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

Plaintiff Terry Wayne Johnson, Jr., filed this action regarding his arrest that occurred on August 24, 2013, after he was pulled over for operating a vehicle with an improper taillight. He alleges that he was then arrested and detained for nearly 48 hours for driving with a suspended license, even though his license was valid. He has filed a ten-count complaint[1] against arresting Officer Christopher Gootee; Hammond, Indiana, Chief of Police John D. Doughty; and the City of Hammond (hereinafter, "City" or "Hammond"),[2] raising claims for violations of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution through 42 U.S.C. § 1983; violations of Article I, sections 1, 11, 12, 15, 23, and 37 of the Indiana Constitution; and

---

[1] All references to "the complaint" in the discussion herein pertain to the amended complaint filed as DE # 13. Although plaintiff has moved to file a second amended complaint, (DE # 39), that motion will be denied as explained herein.

[2] The caption of the complaint also names "City of Hammond Police Department" as a defendant. Under Indiana law, a municipal police department is not itself an entity subject to suit, *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011), and there are no allegations pertaining to it as such in the complaint. To the extent, if any, plaintiff meant to make it a party to this action, it is dismissed.

state tort claims for false arrest and imprisonment, humiliation, battery, intentional infliction of emotional distress (hereinafter, "IIED"), and negligence. The defendants have moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss all claims asserted except for the claims pursuant to § 1983 against Officer Gootee in his individual capacity, and the tort claims for false arrest, imprisonment and battery against the City.

**STANDARD**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the sufficiency of a complaint and not the ultimate merits of the suit. As the Court of Appeals has explained:

> To analyze the sufficiency of a complaint we must construe it in the light most favorable to the plaintiff, accept well-pleaded facts as true, and draw all inferences in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir.2008). A claim must be plausible rather than merely conceivable or speculative, see *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007), meaning that the plaintiff must include "enough details about the subject-matter of the case to present a story that holds together," *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404–05 (7th Cir.2010). But the proper question to ask is still "could these things have happened, not did they happen." *Id.*

*Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826-27 (7th Cir. 2014). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

Although the standard requires accepting well-pleaded facts as true, the court may disregard "[t]hreadbare recitals of the elements of a cause of action, supported by

2

mere conclusory statements." *Iqbal*, 556 U.S. at 678; *see also Munson v. Gaetz*, 673 F.3d 630, 632 (7th Cir. 2012) (stating that a court need not accept as true "legal conclusions or conclusionary allegations that merely recite a claim's elements"). The facts alleged in the complaint must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. 544, 555 (2007). In determining whether a plaintiff has done so, a district court should "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**DISCUSSION**

The court addresses the arguments made by the defendants, in the order defendants make them.

First, defendants argue that all claims made against Hammond (which include the official-capacity claims against defendants Gootee and Doughty) pursuant to § 1983 should be dismissed. Municipalities are not vicariously liable under § 1983 for misconduct committed by their employees; instead, it must be shown that the employees were carrying out governmental policy or custom. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978); *Schor v. City of Chicago*, 576 F.3d 775, 779 (7th Cir. 2009). Hammond argues that plaintiff has pleaded only naked legal conclusions and "nowhere identifies what the policy is that supposedly caused these violations;" (DE # 17 at 4); then contradicts that argument by quoting the complaint's allegation that Hammond had a "policy and/or custom of authorizing, approving, and/or turning a blind eye to its employee's practicing/participating in impermissible profiling, and/or

3

falsely arresting individuals," and asserting that this alternative phrasing shows that plaintiff has "no idea" what the City's policies are. (*Id.*) Hammond then cites *Hollins v. City of Milwaukee*, 574 F.3d 822, 827 (7th Cir. 2009), for the proposition that a pattern or custom requires facts showing more than one incident to establish a pattern or series (*Id.*); and last cites *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989), for the proposition that "'failure to train' claims survive dismissal only when the complaint alleges facts sufficient to make plausible that the municipality is deliberately indifferent to plaintiff's rights." (*Id.* at 5.)

*Hollins* and *City of Canton* do not stand for the points that Hammond asserts. *City of Canton* does not delineate pleading standards, it instead explains (in the context of a jury verdict on a failure-to-train claim) what a Plaintiff must prove to establish municipal liability for failure to train. Here, plaintiff pleads that Hammond authorized its police chief's knowing failure to train his officers not to engage in racial profiling and making false arrests. (Complaint, DE #13 at ¶¶ 86-89.) That is enough to allege deliberate indifference at this early pleading stage.

Similarly, although *Hollins* uses the word "allege," the discussion therein on the quantum of evidence necessary to establish a pattern or series is in regard to a summary judgment in the district court finding that plaintiff had not identified enough evidence to create an issue of fact. In the present case, the complaint pleads that Hammond had a policy or custom of approving racial profiling and false arrests, and that is enough: providing evidence of a number of incidents to show a pattern or series comes later.

4

*Swanson*, 614 F.3d at 406 (reversing 12(b)(6) dismissal, merely alleging that defendants skewed assessment on account of plaintiff's race enough at pleading stage).

As to Hammond's assertion that plaintiff has not identified any municipal policy or custom in his pleading, as already stated, that is disproved by Hammond itself quoting the portion of plaintiff's complaint pleading that Hammond, through Chief Doughty, had a policy or custom of "authorizing, approving, and/or turning a blind eye" to racial profiling and false arrests." Hammond's argument is that plaintiff, by pleading that Hammond authorized *or* turned a blind eye to these practices, demonstrates that he has no idea what the City's policy or custom is, making a municipal liability claim implausible and requiring dismissal. This argument ignores the fact that pleading in the alternative is expressly permitted by Fed R. Civ. P. 8(d)(2), and nothing in *Twombly*, *Iqbal* and their progeny suggests that is no longer true. Pleading alternative statements of fact does not make any of them less plausible, and if one is sufficient, then the pleading is sufficient. *See Whitney v. Guys, Inc.*, 700 F.3d 1118, 1130 (8th Cir. 2012). Thus, Hammond has not identified any reason to dismiss plaintiff's claims against it under § 1983.

Next, Chief Doughty argues that all § 1983 claims against him in his individual capacity should be dismissed. As he explains, in order for him to be liable, respondeat superior is not enough, plaintiff must plead that he was personally involved in the violation claimed, making him directly responsible. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Doughty argues that the sole fact pleaded as to him is that he is the

Chief of Police, and that is not enough. The court disagrees with this description of the allegations of the complaint. At ¶ 28 of the complaint plaintiff pleads that his false arrest was the result of Chief Doughty's "policy and/or custom of authorizing, approving, and/or turning a blind eye" to his officers' impermissible profiling and false arrests; at ¶ 34 plaintiff alleges that Doughty had a policy of detaining individuals at the Lake County Jail, despite a lack of any probable cause; at ¶ 88 of the complaint, plaintiff alleges that Doughty knowingly failed to instruct, supervise and discipline Officer Gootee to prevent him from impermissibly profiling and making false arrests of African-American individuals.

A supervisor can be personally liable under § 1983 if he or she "know[s] about the conduct and facilitate[s] it, approve[s] it, condone[s] it, or turn[s] a blind eye for fear of what they might see." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir.1988). Although the Seventh Circuit has indicated that the standards for supervisory liability are "murky" after *Iqbal*, it has also commented that *Iqbal* has not changed the rule that supervisors can be individually liable for wrongs they direct or authorize. *Arnett v. Webster*, 658 F.3d 742, 757 (7th Cir. 2011). Plaintiff here has pleaded that Chief Doughty authorized and/or turned a blind eye to Officer Gootee's acts. This is still sufficient to withstand a motion to dismiss for failure to state a claim.

The defendants then turn their attention to the state-law torts pleaded against Officer Gootee and Chief Doughty personally. Under Indiana's tort clams act:

> A lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally. However, if the governmental entity answers that the employee acted outside the scope of the employee's employment, the plaintiff may amend the complaint and sue the employee personally.

Ind. Code § 34-13-3-5(b). At ¶ 53 of his complaint pleading false arrest and imprisonment (incorporated by reference in the remaining counts), plaintiff pleads that Officer Gootee was acting within the scope of his employment. At ¶ 54, he pleads alternatively that Officer Gootee was acting outside the scope of his employment. Throughout the complaint plaintiff consistently pleads that Doughty was acting as the Chief of Police.[3] Thus, in response to defendants' motion to dismiss, plaintiff argues that it would be premature to dismiss his tort claims because it remains to be proved which of these alternatives is correct. As plaintiff agrees, however, while also rejecting the necessary consequence, defendants admit in their answer that Officer Gootee was acting in the scope of his employment. (DE # 16 at 20, ¶ 53.) That admission is binding under Rule 8 of the Federal Rules of Civil Procedure. *Cf. Shakman v. Democratic Org. of Cook Cty.*, 533 F.2d 344, 352 (7th Cir. 1976). Thus, plaintiff's tort clams against Officer Gootee and Chief Doughty as individuals are properly dismissed. *See Ball v. City of Indianapolis*, 760 F.3d 636, 644-45 (7th Cir. 2014).

Defendants next argue that to the extent plaintiff is seeking monetary damages for alleged violations of the Indiana Constitution (mainlyin Counts III and VI of the

---

[3] This is logically and legally necessary to maintain plaintiff's municipal liability claims under § 1983, because police chiefs are final policymakers for municipal police departments. *Eversole v. Steele*, 59 F.3d 710, 716 (7th Cir. 1995).

7

complaint), those claims should be dismissed. At present, Indiana has declined to recognize a civil action for monetary damages for a violation of the Indiana Constitution when tort remedies are available. *Ball*, 760 F.3d at 645. 636, 644-45 (7th Cir. 2014). Plaintiff did not address this argument in his response, and whether or not that is an intentional concession, the court agrees with defendants. All claims seeking monetary damages for violations of the Indiana Constitution are dismissed.

Defendants also argue that plaintiff's claims under the Indiana Constitution, even if only seeking equitable relief, should be dismissed for a number of different reasons. As to plaintiff's claim for racial discrimination under Article I, Section 1 (Count VII), defendants argue the claim is implausible because based solely on plaintiff's "belief" that discrimination was the cause for Officer Gootee's actions, and belief alone is not sufficient, citing *Johnson v. Chibicki*, No. 11 C 794, 2011 WL 5868010, at *3 (N.D. Ill. Nov. 21, 2011).[4] *Johnson* does not support the point. Considering its facts and the authority it cites, *Cooney v. Rossiter*, 583 F.3d 967, 970–71 (7th Cir.2009), all the case stands for is that a naked allegation that a conspiracy existed is not sufficient. It does not address the pleading standard for racial discrimination, which is minimal: "once a plaintiff alleging illegal discrimination has clarified that it is on the basis of her race, there is no further information that is both easy to provide and of clear critical

---

[4] Defendants also argue that no Indiana cases have applied Article I, Section 1, to racial discrimination. They have cited no Indiana case stating that it is not applicable to such discrimination, however, and it is not this court's prerogative to be the first to interpret the Indiana Constitution in that manner.

importance to the claim." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 782 (7th Cir. 2007). Plaintiff has pleaded enough, and his claim in Count VII for equitable relief will not be dismissed.

Next defendants argue that ¶ 44 of plaintiff's complaint, which recites that his action is authorized by the open courts clause, Article 1, Section 12, should be dismissed to the extent it is making a claim based in that clause, because no facts are pleaded suggesting that plaintiff was denied access to the courts. Plaintiff has not responded to the argument. Any such claim is dismissed.

In ¶ 43 of his complaint plaintiff alleges that when Officer Gootee arrested him, he treated him with "unnecessary rigor and force by, but not limited to, placing handcuffs on the Plaintiff, thereby violating Article I, Section 15 of the Indiana Constitution." (DE #13 at ¶ 43.) Defendants argue that this allegation does not constitute the type of extreme conduct contemplated by the "unnecessary rigor" clause. In affirming dismissal of a complaint alleging that plaintiff's rehabilitative needs were not met while in prison, the Indiana Supreme Court stated:

> Cases recognizing violations of Article 1, Section 15 involve situations where a prisoner was tortured, had a tooth knocked out, was repeatedly beaten, kicked, and struck with a blackjack and beaten with a rubber hose while he was stretched across a table, where a prisoner was beaten with police officer's fists in both eyes, cut on the top of his head, and beaten with a rubber hose on the head and ears, and where a prisoner was severely injured after being shot by police during a protest.

*Ratliff v. Cohn*, 693 N.E.2d 530, 541 (Ind. 1998) (internal citations omitted).

9

Plaintiff's response is that defendants' argument is "extremely premature" and should be made on summary judgment. The court disagrees. All plaintiff has alleged is that he was arrested, placed in handcuffs, and confined in the county jail. There are no facts suggesting extreme conduct against him, which would nudge this claim from the speculative e to the plausible. It is dismissed.

Next, Hammond returns to plaintiff's tort claims, and argues that other than false arrest and imprisonment, it is immune:

> Plaintiff has failed to plausibly state a viable claim for intentional infliction of emotional distress (IIED), negligence, humiliation, or unlawful discrimination because the Indiana Tort Claims Act immunizes police officers and municipalities from liability for these types of "add on torts." *Parish v. City of Elkhart,* 2010 WL 4054271 at *4 (N.D. Ind. Oct. 15, 2010). Ind. Code 34–13–3–3(8) provides:
>> A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from the following: ... the adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment.

(DE # 17 at 10-11.) In *Parish*, this court considered this law-enforcement immunity provision, and determined that "add ons" (such as IIED) to the torts of false arrest and false imprisonment are not permitted because:

> "The ITCA established limitations on the judicially decreed rights to sue and recover from governmental entities and their employees through procedural mechanisms such as notice requirements and limitations on recovery. The ITCA also established extensive immunity provisions which shield governmental units from liability even in those cases where a common law duty of care exists." *Benton v. City of Oakland City*, 721 N.E.2d 224, 232 (Ind.1999). The Indiana Supreme Court acknowledged that "it is the legislature, and not the courts, that is in the best position to determine

10

> the nature and extent to which governmental units in Indiana should be insulated from tort liability." *Id.*

*Parish v. City of Elkhart*, No. 3:07-CV-452, 2010 WL 4054271, at *3 (N.D. Ind. Oct. 15, 2010) Thus, Hammond argues that because Officer Gootee, at the time of his actions in this case, was enforcing Indiana statutes governing driving without a valid license and having proper vehicle taillights, both he and Hammond are immune. As the court has already held above that Officer Gootee is immune from personal liability pursuant to Ind. Code § 34-13-3-5(b) because he was acting within the scope of his employment, the crux of this argument pertains to the official capacity claim; that is, whether Hammond is immune.

Plaintiff's response is that Officer Gootee is not immune, because at the moment he arrested plaintiff without probable cause to do so he was no longer enforcing Indiana law, an argument rejected in *Parish*. "Notably, this immunity applies even where the City of Elkhart's employees conduct is contrary to law." *Id.* at 2. More importantly, however, and addressing the real issue, Hammond's immunity, plaintiff argues that *Parish* does not "pertain to the issues at hand." (DE # 22 at 13.) Instead, plaintiff implies that *Parish* is no longer good law due to a more recent case from the Southern District of Indiana, *Bowens v. City of Indianapolis*, No. 1:13-CV-00072-DML-SE, 2014 WL 4680662 (S.D. Ind. Sept. 19, 2014): "[T]he *Bownens* [sic] court shot down the very argument (no add on torts) that the Defendants attempt to slip by this Court today."(DE # 22 at 13.)

*Bowens* actually did no such thing, explaining that *Parish* correctly determined that "add-on" torts that arise from common law are barred by the law-enforcement immunity provision, but if the plaintiff can point to a state statutory provision that serves as the foundation of the claim (for example, the Indiana statute governing use of force in making an arrest, Ind. Code § 35-41-3-3), conduct violating the statute is not immunized, no matter the legal theory used. *Bowens*, at *7. In other words, the scope of the immunity is "narrowed by the legislature's implementation of other statutes." *Parish*, at * 4. Here, as in *Parish* and not like in *Bowens*, plaintiff is adding common-law tort claims, not separate statutory claims, onto his false arrest and imprisonment claims. As a result, Hammond is immune pursuant to Ind. Code 34–13–3–3(8). Because of this immunity, it is not necessary to address Hammond alternative argument that plaintiff's humiliation and IIED claims are not plausible.

Finally, after the motion herein was fully briefed, plaintiff moved to amend his complaint to add "Jane Doe, Dispatcher," as a defendant because she "*may* be involved." (DE # 39.) (Emphasis added.) The only factual allegation pertaining to her in the proposed second amended complaint is at ¶ 18, that Doe "*may* have supplied Officer Gootee with the information that the Plaintiff's driver's license was suspended." (DE # 39-1.) (Emphasis added.) This is completely speculative, rather than being a factual allegation, which means that nothing which follows states a plausible claim against Doe. Dismissal would result from a new Rule 12(b)(6) motion, which defendants would undoubtedly file as they oppose (DE #40) the motion for leave to

amend. In addition, Doe would be entitled to the same immunity in her personal capacity as explained herein in regard to Officer Gootee. Moreover, if Doe, as a dispatcher, did communicate to Gootee that plaintiff's license was suspended, she did so acting in her capacity as a dispatcher and (allegedly) pursuant to Hammond's policy to engage in racial profiling and make false arrests. (DE #39-1 at ¶ 54) Because Hammond is already a defendant, an official-capacity claim against Doe would add no avenue of relief to the action that does not already exist. Plaintiff's proposed amendment is both redundant and futile. Although Fed. R. Civ. P. 15 requires leave to amend to be freely given when justice requires, under circumstances such as these leave is properly denied. *See Indiana Funeral Directors Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003).

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for leave to amend (DE # 39) is **DENIED**; defendants' motion to dismiss (DE # 16) is **GRANTED IN PART and DENIED IN PART**.

                                                                     **SO ORDERED.**

Date: March 29, 2016

                                          s/James T. Moody
                                          JUDGE JAMES T. MOODY
                                          UNITED STATES DISTRICT COURT